```
UNITED STATES DISTRICT COURT
Southern District of New York
- - - - - - - - - - - - - - - - -x
                                  :
STARLIGHT MARITIME LTD.,          :
                                  :
               Plaintiff,         :    08-CIV-5542 (GBD)
                                  :
     -against-                    :
                                  :
PRODPROGRAMMA IMPULS LTD.,        :
                                  :
               Defendant.         :
                                  :
- - - - - - - - - - - - - - - - -x
```

**DEFENDANT PRODPROGRAMMA IMPULS LTD.'S MEMORANDUM
OF LAW IN SUPPORT OF MOTION TO COMPEL ARBITRATION
AND APPLICATION FOR STAY OF ACTION PENDING ARBITRATION**

        COOPER, BROWN & BEHRLE, P.C.
        331 Madison Avenue, 2nd Floor
        New York, New York 10017
        Telephone: (212)957-9000
        Facsimile: (212)843-9191
        Email:     cbblaw@aol.com

        Galland Kharasch Greenberg
        Fellman & Swirsky, PC
        1054 Thirty-First Street, NW
        Washington, DC 20007
        Telephone:  (202)342-5200
        Facsimile:  (202)342-5219
        Email:      dmonroe@gkglaw.com

        Attorneys for Defendant
        Prodprogramma Impuls Ltd.

Of counsel:

Sandra Gale Behrle, Esq.
David K. Monroe, Esq.

-1-

**<u>Foreword</u>**

This action involves a dispute arising in connection with a charter agreement (hereinafter, "Charter Party") between Plaintiff Starlight Maritime Ltd. ("Starlight") and Defendant Prodprogramma Impuls Ltd. ("Prodprogramma") relating to the transportation of rice from Thailand to Russia. The Charter Party requires that disputes arising under the Charter Party be resolved through arbitration in Moscow under Russian law. *See*, Clause 31 of the Charter Party annexed to the Declaration of Sandra Gale Behrle, dated July 24, 2008, submitted herewith. Starlight commenced this action to obtain a maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, but acknowledges in its Verified Complaint that the underlying dispute between the parties must be arbitrated in Moscow under Russian law.[1] *See* Verified Complaint at ¶ 12. To date, however, Defendant Prodprogramma has received no notice or demand regarding arbitration and is unaware of any actions taken by Plaintiff Starlight to commence arbitration in Moscow as required by the Charter Party.

---

[1] Plaintiff Starlight attached a portion of an unrelated wire transfer from Defendant Prodprogramma to a supplier in Thailand as it was passing through an intermediary bank located in New York. Defendant Prodprogramma believes that the garnishment of the wire transfer was improper, but will address its concerns regarding that issue separately.

-2-

## Discussion

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, this Court has the authority to compel arbitration and to stay proceedings in this action until the arbitration is complete. *See* 9 U.S.C. § 8 (court has authority to compel arbitration) and § 3 (court has authority to stay action pending arbitration). A motion to compel arbitration and for a stay of litigation should be granted where (1) there is an arbitration clause binding on the parties, and (2) the dispute sought to be arbitrated falls within the arbitration clause. *See, e.g., Ibeto Petro. Ind. v. M/T BEFEN*, 412 F. Supp. 2d 285 (S.D.N.Y. 2005), modified in part on other grounds, 475 F.3d 56 (2d Cir. 2007). There is no dispute in this case that the dispute that is the subject of the Verified Complaint is subject to a written arbitration clause requiring arbitration in Russia. *See* Verified Complaint at ¶ 12. Indeed, the applicable arbitration clause provides, "all disputes to be settled at Maritime Arbitration Court of Chamber and Industry, Moscow, under Russian law." Clause 31. Given the federal policy favoring arbitration embodying the Federal Arbitration Act, this Court should issue an order directing Plaintiff Starlight to promptly commence arbitration proceedings in Russia and staying this proceeding pending the resolution of the arbitration in Russia. *See Ibeto*, 412 F. Supp. 2d at 291-292.

-3-

## Conclusion

For all of the foregoing reasons, Defendant Prodprogramma Impuls Ltd., respectfully requests that its Motion to Compel Arbitration and Stay of Proceedings Pending Completion of said Arbitration be granted, and such other and further relief as to the Court seems just and proper.

Dated: New York, New York
       July 24, 2008

Respectfully submitted,

COOPER, BROWN & BEHRLE, P.C.

By: *Sandra Gale Behrle*
Sandra Gale Behrle (SGB 4652)
331 Madison Avenue, 2nd Floor
New York, New York 10017
Telephone: (212) 957-9000
Facsimile: (212) 843-9191
Email:     cbblaw@aol.com

David K. Monroe
Galland Kharasch Greenberg
Fellman & Swirsky, P.C.
1054 Thirty-First Street, NW
Washington, DC 20007
Telephone: (202) 342-5200
Facsimile: (202) 342-5219
Email:     dmonroe@gkglaw.com

Attorneys for Defendant
Prodprogramma Impuls Ltd.

-4-

## CERTIFICATE OF SERVICE

      I do hereby certify that I have delivered a true and correct copy of the foregoing document to the following addressee at the address stated by depositing same in the United States mail, first class postage prepaid, this _24_ day of July 2008:

      Claurisse Campanale Orozco
      Thomas L. Tisdale
      TISDALE LAW OFFICES LLC
      11 West 42nd Street - Suite 900
      New York, NY 10036
      Telephone:   212.354.0025
      Facsimile:   212.869.0067
      Email:   corozco@tisdale-law.com
                  ttisdale@tisdale-law.com

      Attorneys for Plaintiff
      Starlight Maritime Ltd.

_____
Sandra Gale Behrle (SGB 4652)