UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
STARLIGHT MARITIME LTD.            :
                                   :
             Plaintiff,            :
                                   :         08 CV 5542
     - against -                   :         ECF CASE
                                   :
                                   :
PRODPROGRAMMA IMPULS LTD.          :
                                   :
             Defendant.            :
------------------------------------------------------X

### DECLARATION OF CLAURISSE CAMPANALE-OROZCO IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO VACATE MARITIME ATTACHMENT

Claurisse Campanale-Orozco declares under penalty of perjury of the laws of the United States of America as follows:

1.  I am an attorney with the firm of Tisdale Law Offices, LLC, counsel for Plaintiff Starlight Maritime Ltd. ("Plaintiff") and I make this declaration based upon my own personal knowledge and upon documents that I believe to be true and accurate.

2.  I submit this Declaration in Response to Defendant's Motion for a Stay and Motion to Compel Arbitration.

3.  Pursuant to the terms of a BIMCO GENCON charter party dated July 31, 2007, the Plaintiff charted the Vessel KY Fortune from its Head Owners to carry a full and complete cargo of bagged rice with a freight rate payable to the Plaintiff of $35.00 per metric ton. *See Verified Complaint at ¶4 attached hereto as Exhibit 1.*

4.  Pursuant to these same terms and conditions, the Plaintiff sub-chartered the Vessel to the Defendant. *See Verified Complaint at ¶6, attached hereto as Exhibit 1.*

5. After the charter party was finalized and completed, the Defendant breached the prematurely cancelling the contract, in breach thereof. *See Verified Complaint at ¶7-8, attached hereto as Exhibit 1.*

6. As a result of this breach, the Plaintiff suffered damages and lost profits including a claim for dead freight. Plaintiff also incurred legal expenses in defending a proceeding filed against it by the Head Owners, which resulted in charges against the Plaintiff which are the responsibility of the Defendant. *See Verified Complaint at ¶9, attached hereto as Exhibit 1.*

7. As a further result of Defendant's breach, the Plaintiff had to pay the Head Owners for its losses suffered under its charter party with the Plaintiff. *See Verified Complaint at ¶10, attached hereto as Exhibit 1.*

8. In order to obtain personal jurisdiction over the Defendant, and to obtain security for an anticipated arbitration award, Plaintiff commenced this action on June 19, 2008 by filing a Verified Complaint, which included a prayer for an Ex-Parte Order for Process of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8. *See Verified Complaint, attached hereto as Exhibit 1.*

9. On June 20, 2008, the Court issued an Ex-Parte Order of Maritime Attachment and Garnishment. The Ex-Parte Order authorized Plaintiff to attach Defendant's property up to the sum of $95,176.31, located within this judicial district and belonging to the Defendant Prodprogramma Impuls Ltd..

10. The Ex-Parte Order and Process of Maritime Attachment and Garnishment ("PMAG") named garnishee banks believed to have assets due and owing to the Plaintiff. The Ex-Parte Order and PMAG were served upon the banks, including ABN Amro, American

Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, Wachovia Bank.

11. On July 7, 2008 funds belonging to Prodprogramma Impuls Ltd. were restrained at Deutsche Bank in the sum of $95,176.31. The Plaintiff is now fully secured for its claim and would consent to the proceedings herein being stayed. *See Proposed Order for a Voluntary Stay, attached hereto as Exhibit 2; see also e-mail communication from Transport Counsellors International, Plaintiff's Greek Counsel, dd July 8, 2008, attached hereto as Exhibit 3.*

12. On or about July 9, 2008, Plaintiff sent notice to Prodprogramma Impuls Ltd. of the attachment via United States Postal Service, registered, return receipt requested, which contained copies of all pleadings filed in the instant action.

13. The charter party provides that any disputes arising thereunder shall be referred to arbitration in Moscow with Russian Law to apply. *See Verified Complaint at ¶12, attached hereto as Exhibit 1.*

14. The Plaintiff is in the process of commencing arbitration in Russia pursuant to the charter party. *See Verified Complaint at ¶13, attached hereto as Exhibit 1. See also E-mail communications from Trasnport Counsellors International, Plaintiff's Greek Counsel, attached hereto as Exhibits 3 and 4 respectively.*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 6, 2008 in Southport, CT.

_____
Claurisse Campanale Orozco

3

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STARLIGHT MARITIME LTD.,

                Plaintiff,

- against -                            08 CV
                                          ECF CASE

PRODPROGRAMMA IMPULS LTD.,

                Defendant.
-----------------------------------------------------------X

### VERIFIED COMPLAINT

Plaintiff, STARLIGHT MARITIME LTD. ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, PRODPORGRAMMA IMPULS LTD., ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in the United Kingdom and was the time charter Owner of the M/V KY FORTUNE ("Vessel").

3. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Russia, and was the Charterer of the Vessel.

4. Pursuant to the terms of a BIMCO GENCON charter party dated July 31, 2007, the Plaintiff charted the Vessel from the Head Owners for the carriage of a full and complete cargo of bagged rice.

5. The charter party provided a freight rate payable to the Plaintiff at the rate of $35.00 per metric ton.

6. Pursuant to these same terms and conditions, the Plaintiff sub-chartered the Vessel to the Defendant.

7. After the charter party was finalized and completed, the Defendant breached the charter party by prematurely cancelling the contract.

8. As a result of this unjustified cancellation, the Plaintiff suffered damages and lost profits it would have earned had the voyage been performed, including a claim for deadfreight.

9. As a further result of the Defendant's cancellation and breach, the Plaintiff was forced to defend legal proceedings filed against it by the Head Owners, and incurred expense in defending such proceeding, which resulted in charges against the Plaintiff which are the responsibility of the Defendant.

10. As a further result of Defendant's cancellation and breach, the Plaintiff had to pay the Head Owners for its losses suffered under its charter party with the Plaintiff which resulted in further additional charges against the Plaintiff which are the responsibility of the Defendant.

11. As a result of Defendant's breaches of the charter party contract, Plaintiff has sustained damages in the total principal amount of $66,063.66 exclusive of interest, arbitration costs and attorney's fees.

12. The charter party provides that any disputes arising thereunder shall be referred to arbitration in Moscow with Russian Law to apply.

13. Plaintiff is preparing to commence arbitration in Russia pursuant to the charter party.

14. Despite due demand, Defendant has failed to pay the amounts due to Plaintiff under the charter party.

15. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in Russian arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | $66,063.66 |
| | 1. Amount paid by Plaintiffs to Head Owners in settlement of Head Owner's claim | $48,063.68 | |
| | 2. Plaintiff's lost profit of $3.00 per Metric Ton x 6,000 MTs | $18,000 | |
| B. | Estimated interest on claims: 3 years at 6.5%, compounded quarterly | | $14,112.65 |
| C. | Estimated fees and costs | | $15,000.00 |
| **Total** | | | $95,176.31 |

16. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

17. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any

garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of $95,176.31.

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of $95,176.31 belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any Russian arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

4

E. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: June 19, 2008
New York, NY

The Plaintiff,
STARLIGHT MARITIME LTD.

By: /s/ Claurisse C. Orozco

Claurisse Campanale Orozco (CC 3681)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York )
                 ) ss.:  City of New York
County of New York )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:  June 19, 2008
        New York, NY

_____
Claurisse Campanale-Orozco

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
STARLIGHT MARITIME LTD.        :
                               :
            Plaintiff,         :
                               :         08 CV 5542
      - against -              :         ECF CASE
                               :
                               :
PRODPROGRAMMA IMPULS LTD.      :
                               :
            Defendant.         :
------------------------------------------------------X

## VOLUNTARY ORDER STAYING MATTER PENDING ARBITRATION

The Plaintiff, by its attorneys, Tisdale Law Offices, LLC, having instituted the above captioned matter and obtained the sought after relief of security pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, and there having been a motion from the defendant, by its attorneys, Cooper Brown & Behrle, PC and Galland Kharasch Greenberg Fellman & Swirsky PC, to stay the above-captioned proceedings pending the outcome of arbitration,

IT IS HEREBY ORDERED that the above-captioned matter be and hereby is voluntarily stayed pending the resolution of arbitration pursuant to 9 U.S.C. §8 and 9 U.S.C. §§201-208.

Dated: _____
       New York, NY


SO ORDERED,


_____
U.S.D.J.

# EXHIBIT 3

**Claurisse A. Campanale-Orozco**

From: tci@tci.gr
Sent: Tuesday, July 08, 2008 9:47 AM
To: Claurisse A. Campanale-Orozco
Subject: RE: RE: RE: KOOKYANG

## TRANSPORT COUNSELLORS INTERNATIONAL LTD.

26 SKOUZE, 185 36 PIRAEUS, GREECE,

TEL: 0030-2104284030, 2104284031, FAX: 0030-2104284021.

E-MAIL: tci@tci.gr - web site: www.tci.gr

Computerised E-MAIL message.

Date: 08/07/08 Time: 16:46:48 Ref. 055391-CAR

**Please note that our e-mail address has been changed to**

**tci@tci.gr**

ATTN:CLAURISSE CAMPANALE-OROZCO

RE:KOOKYANG

Dear Claurisse,

The client now wants to begin arbitration proceedings in Russia.

Can you provide us with your fees to date and your estimated future fees in this matter?

Kind Regards
Caroline Avgerinou

1

*[Message sent via SOFTWAY Communicator]*

---Original Message---
From: "Claurisse A. Campanale-Orozco"
To:
Subject: RE: RE: KOOKYANG
Date: Mon, 7 Jul 2008 15:52:19 -0400

Caroline,


We have captured funds in the above matter belonging to Prodprogramma and we are fully secured. We will now send notice to the defendant, as required by local rules, and file a stay in the action.


Kind regards,

Claurisse.


*Claurisse Campanale Orozco*

*Tisdale Law Offices, LLC*


*111 West 42d Street, Suite 900*

*New York, NY 10038*

*212.354.0025*

*212.869.0067*


*10 Spruce Street*

*Southport, CT 06890*

*203.254.8474*

*203.254.1641*

# EXHIBIT 4

## Claurisse A. Campanale-Orozco

**From:** tci@tci.gr
**Sent:** Wednesday, August 06, 2008 10:30 AM
**To:** Claurisse A. Campanale-Orozco
**Subject:** Re: KY Fortune

---

TRANSPORT COUNSELLORS INTERNATIONAL LTD.

26 SKOUZE, 185 36 PIRAEUS, GREECE,
TEL: 0030-2104284030,2104284031, FAX: 0030-2104284021.
E-MAIL: tci@tci.gr - web site: www.tci.gr
Computerised E-MAIL message.
Date: 06/08/08 Time: 17:29:45 Ref. 056213-BEN

---

Please note that our e-mail address has been changed to
tci@tci.gr


TO:   Tisdale Law
ATTN: Claurisse Campanale Orozco

RE:   KY Fortune
-----------------

Dear Claurisse,

We are writing to inform you that our clients, Starlight Maritime Ltd, have retained local counsel in Russia. The lawyer's name is Mr. Alexey Khokhlov, of New Law Centre, Moscow. For your information, he is taking the necessary steps to commence arbitration proceedings on behalf of our client in that jurisdiction, pursuant to the applicable laws there.

Based on the information we have received thusfar, we anticipate that arbitration will be formally underway within the next 30-45 days.

Kind regards,

Ben Tyler

[Message sent via SOFTWAY Communicator]

1